BARFIELD, Judge.
The claimant appeals a workers’ compensation order awarding the employer/carrier (E/C) attorney fees as a sanction for her failure to appear for a deposition. We reverse.
The claimant was injured in September 1988. In April of the following year, the E/C ceased medical and compensation benefits on the ground she had reached maximum medical improvement. Her attorney, Anton Rebalko, filed a claim for benefits on September 4, 1989. Three weeks later, the claimant’s deposition was set for October 26, 1989.
On October 20, Rebalko wrote to Mary Cloninger, the carrier’s adjustor, confirming her conversation with his secretary in which Cloninger had agreed to continue authorization of the treating physician and indicated she “would continue to pay benefits while awaiting receipt of Dr. Sieber’s most recent medical report.” In the letter, Rebalko thanked Cloninger for her cooperation, noting “this will keep both of us from seeking further court action.”
Neither the claimant nor her attorney appeared for the deposition on October 26, 1989. On November 3, 1989, the E/C filed a motion “for attorney’s fees, costs and dismissal,” alleging that the claimant’s attorney had stated that in a conversation with the adjustor, “it was determined the deposition did not need to take place as all matters in dispute had been resolved,” but that the claimant’s attorney had not filed a motion for a protective order, nor had he notified the E/C’s attorney of his intention not to appear at the deposition. The motion sought $500 in attorney fees, the cost of the court reporter’s bill, and dismissal of the claim, “[i]f, as the claimant’s attorney seems to be alleging, all matters in dispute have been resolved.” Cloninger’s affidavit stated: “at no time have I spoken with Mr. Rebalko in regard to this claim nor would I, under any circumstances, agree to cancel a deposition that had been scheduled by my counsel.”
At the hearing on the motion, the claimant’s attorney asserted, “that case has been over with since September of 1989.” He stated that he had received the benefits check for $5,835 on October 4, 1989, but admitted that he had not filed a motion to dismiss the case, thinking the E/C’s attorney had done so. This colloquy followed:
THE COURT: All right. I’ll settle it once and for all. Motion to Dismiss is granted and there will be a lien on the file for fees for the Employer/Carrier’s attorney, and he cannot refile a claim until that $500 fee has been paid.
MR. REBALKO: I’m going to speak to that.
THE COURT: Go right ahead. That’s what the order is going to be.
Rebalko went on to argue that the adjustor and her attorney had apparently not communicated about the settlement. It is clear from the judge’s comments that he was irritated with Rebalko because he had not been informed that the case had been settled. When Rebalko'protested that this did not support an award of attorney fees, the following colloquy occurred:
THE COURT: Counsel, I don’t care what you say. I’m going to do as I please, understand that, and if you don’t like it, appeal.
MR. REBALKO: Judge, I’m going to object to the amount, because there’s been no documentation in the record to support the amount, and I’m objecting to Your Honor’s ruling because I think it’s wrong.
THE COURT: Okay. All you have to do is file a Motion to Appeal. Now the ruling is that the case is dismissed and cannot be refiled until this lady pays $500. That’s it.
In his written order, the judge found that all issues had been resolved, and granted the motion to dismiss. He found that the claimant had failed to appear for her scheduled deposition, awarded the E/C’s attorney $500 in attorney fees, and ordered the claimant to pay the attorney fee award “prior to the refiling of any claim in this matter.”
On appeal, Rebalko asserts that under the circumstances, he reasonably assumed the adjustor would timely inform her coun *83 sel of the settlement agreement. He argues that “the manner in which the Judge of Compensation Claims chose to conduct the hearing was purely idiosyncratic” and that the judge announced his ruling before any evidence was considered; that the affidavit offered by the E/C was inadmissible hearsay and no evidence was presented on the issue of the amount of attorney fees; and that the written order did not reflect findings of fact supporting the imposition of the attorney fee sanction to punish the claimant, who was blameless.
The E/C concede that imposition of sanctions against the claimant for her attorney’s failure to comply with the Workers’ Compensation Rules of Procedure was error, but they urge modification of the order to levy the sanctions against the claimant’s attorney. They assert that the award was based upon Rebalko’s “failure to reduce the settlement to writing, notify the court of the alleged settlement, and notify opposing counsel” in violation of Workers’ Compensation Rules of Procedure 4.130 and 4.131, and that if the entire claim was not settled, he violated rule 4.090 and was subject to fees under rule 4.150. They assert that Rebalko’s reasons for not attending the deposition are not “sound” and that his argument that the claim had been settled is supported only by his own self-serving testimony and inadmissible hearsay evidence.
Rebalko contends that the E/C did not object below to any of the evidence he presented and therefore cannot argue its inadmissibility now, in contrast to his timely objection to the hearsay affidavit of the adjustor. He does not contest the “carefully worded factual representations” in the affidavit, but asserts that the scenario was in fact uncomplicated and straightforward: “[T]he adjustor took it upon herself to settle the parties’ controversy before her counsel became actively involved in the case.” He points out that opposing counsel did not file a notice of appearance or a notice of deposition.
Rebalko counters the E/C’s “rule violation” arguments with the fact that the order states that it is based on the claimant’s failure to appear at the deposition, not on her counsel’s rule violations. He distinguishes the cases cited by the E/C as involving different circumstances justifying sanctions, and points out that the answer brief failed to address his argument that there was no evidence to support the amount of the fee awarded.
We find the judge’s actions entirely inappropriate under the circumstances. Even assuming that the affidavit was admissible, the judge did not hear any evidence regarding the amount of the fee, apparently had made up his mind before any evidence or argument was presented, and improperly awarded attorney fees as a sanction against the claimant, whose attorney presented a reasonable explanation for their not appearing at the scheduled deposition, which was not rebutted by the adjustor’s affidavit.
The order awarding attorney fees to the employer/carrier is REVERSED. The claimant’s motion for appellate attorney fees is GRANTED, and the case is remanded to the judge of compensation claims for a determination of the amount of the fee.
ZEHMER and WOLF, JJ., concur.